UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:02CV-41-M**

**LINDA GAIL CALVERT**                                                                                   **PLAINTIFF**

**V.**

**LIBERTY LIFE ASSURANCE COMPANY**
**OF BOSTON**                                                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion for Attorney's Fees filed by the Plaintiff, Linda Gail Calvert [DN 26], and upon a Motion for Leave to File a Surreply to Plaintiff's Motion for Attorney's Fees filed by the Defendant, Liberty Life Assurance Company of Boston [DN 39]. For the reasons discussed below, both the Plaintiff's and the Defendant's motions are **GRANTED**.

### I. BACKGROUND

On April 24, 2002, the Plaintiff filed a complaint with this Court alleging that Defendant Liberty Life wrongfully terminated her long-term disability ("LTD") benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). On June 10, 2003, this Court granted the Defendant's motion for judgment on the administrative record. The Plaintiff appealed to the Sixth Circuit Court of Appeals, which held that the Defendant acted arbitrarily and capriciously in denying the Plaintiff further LTD benefits, reversed this Court's judgment, and remanded the matter for entry of judgment in favor of the Plaintiff.

The Plaintiff, as the prevailing party, now moves for attorney's fees on her ERISA

claim in accordance with 29 U.S.C. § 1132(g), which authorizes this Court to award reasonable attorney's fees and costs to either party in an ERISA action. The Plaintiff seeks $52,363.50 in attorney's fees for 463.4 hours of work.

## II.  DISCUSSION

### A.  Entitlement to Fees

ERISA "confers broad discretion on a district court in making the award of attorney's fees." Secretary Dept. of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985). In exercising this discretion, the Court considers the following five factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Id.; First Trust Corp. v. Bryant, 410 F.3d 842, 851 (6th Cir. 2005). "No one factor is determinative but the court should consider each before rendering its decision." Lindberg v. UT Medical Group, Inc., 2005 WL 1009557, *1 (W.D. Tenn. April 27, 2005).

The Defendant argues that the Plaintiff's motion fails to satisfy these factors. In the alternative, the Defendant argues that any amount awarded should be substantially less than the 463.4 hours claimed based upon the "lodestar" approach to analyzing fees. After a review of these factors, the Court concludes that four of the five factors weigh in favor of awarding Plaintiff attorney's fees.

With regard to the first factor, the Court finds that Plaintiff has shown sufficient

culpability on behalf of Liberty Life based upon the Sixth Circuit Court of Appeals' determination that the Defendant acted arbitrarily and capriciously in denying the Plaintiff LTD benefits. Calvert v. Firstar Finance, Inc., et al., 409 F.3d 286 (6th Cir. 2005). The Sixth Circuit held that Liberty Life's benefits determination was based upon an inadequate, inaccurate, and incomplete file review by Dr. Soriano, and completely discounted "the thorough *objectively verifiable* determinations"of the Social Security Administration and Plaintiff's treating physician who found the Plaintiff totally disabled. In addition, the Court found that the Defendant had a conflict of interest in that it was "both the decision-maker, determining which claims are covered, and also the payor of those claims." Id. at 292.

As recognized by the Sixth Circuit, the arbitrary and capricious standard of review is a good indication of the presence or absence of high culpability or bad faith. Kindel v. Continental Casualty Co., 2005 WL 1241975 at * 3 (S.D. Ohio May 25, 2005); Gatlin v. National Healthcare Corp., 16 Fed. Appx. 283, 290 (6th Cir. March 2, 2001)(culpability requirement satisfied where plan administrator's decision was arbitrary and capricious). See also Hoover v. Provident Life & Accident Insurance Co., 290 F.3d 801, 810 (6th Cir. 2002); Lindberg v. UT Medical Group, Inc., 2005 WL 1009557 (W.D. Tenn. April 27, 2005). In Gatlin, the Sixth Circuit held that because the district court found that the defendant acted arbitrarily and capriciously in refusing to send the plaintiff, as beneficiary of a retirement plan, a second check after the first check was sent to the wrong address and fraudulently cashed by the beneficiary's ex-husband, the defendant acted in bad faith and, thus, satisfied the first factor. Gatlin, 16 Fed. Appx. at 286-291. Based on the reasons articulated by the

3

Sixth Circuit in determining that Liberty Life acted arbitrarily and capriciously, the Court finds that the Defendant's conduct was, at the least, highly culpable and, therefore, the first factor favors the Plaintiff.

The second factor weighs in favor of the Plaintiff as there is nothing to suggest that the Defendant is incapable of satisfying the fee award. In fact, the Defendant has not contested its ability to satisfy an award of attorney's fees.

The third factor – the deterrent effect of an award on other persons under similar circumstances – also favors the Plaintiff. In recognizing that there was nothing inherently objectionable about basing a benefits determination on a file review by a qualified person, the Sixth Circuit in Calvert, 409 F.3d 286, clearly indicated that such a review must be based upon the entire record and must take into account contrary determinations made by SSA and treating physicians. A fee award in this case is justified in order to remind other employers or plan administrators "that their decisions must be based on a complete review of the insured's claim file." Pelchat v. UNUM Life Insurance Co. of America, 2003 WL 21479170 (N.D. Ohio June 16, 2003). While the Defendant argues that the deterrent effect on other plan administrators is reserved for "highly culpable" defendants, the Sixth Circuit clearly held that the Defendant's benefits determination was not based upon a reasoned or rational reading of the record before it. Therefore, the fourth factor weighs in support of an award of attorney's fees.

The fourth factor does not appear to apply to this matter. The Plaintiff was not seeking to confer a common benefit on all participants and beneficiaries of an ERISA plan

4

or resolve significant legal questions regarding ERISA. Therefore, this factor favors the Defendant.

With respect to the fifth factor, the relative merits of the parties' positions also weighs in favor of Plaintiff. While this Court originally found the Defendant's position had merit, the Sixth Circuit's reversal of the decision tips this factor in favor of the Plaintiff. In fact, the Sixth Circuit in Gatlin held this factor is satisfied where a plan administrator's decision was held to be arbitrary and capricious. See Gatlin, 16 Fed. Appx. at 290.

For the reasons set forth above, the Court concludes that the balance of these factors clearly favors awarding attorney's fees.

## B. Calculation of the Lodestar Amount

In accordance with the Court's finding that an award of attorney's fees is appropriate, the next question to be addressed is the appropriate amount of the award. The United States Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983), set forth the appropriate facts to be considered and standard to be utilized by the district court in determining whether and to what extent an award of attorney's fees should be granted. Under the United States Supreme Court's analysis in Hensley v. Eckerhart, the attorney's fees awarded should consist of the product of counsel's reasonable hours, multiplied by a reasonable hourly rate, which provides a 'lodestar' figure, which may then be adjusted to account for various special factors in the litigation. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Hensley, 461 U.S. at 433. In reaching the lodestar amount, the Court should exclude "excessive, redundant, or otherwise unnecessary" hours.

Id. at 434. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437.

Attorney fee rates are to be based on the market rates for the services rendered. Hadix v. Johnson, 65 F.3d 532, 536 (6th Cir. 1995) (citing Missouri v. Jenkins, 491 U.S. 274, 283 (1989)). Courts ordinarily will use the community market rule, looking to "'[rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Id. (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)).

Furthermore, the lodestar amount may be adjusted upward or downward on the basis of other considerations, including the important factor of the "results obtained." Hensley, 461 U.S. at 434. The district court may also consider the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 430 n.3, 434 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).[1] See also Paschal v. Flagstar

---

[1] The Supreme Court recognized that many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate. Hensley, 461 U.S. at 434 n.9.

Bank, 297 F.3d 431, 435 (6th Cir. 2002). As noted by the Supreme Court, in analyzing the fee request, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436.

The Court must first determine the reasonable fee utilizing the lodestar method -- the reasonable hours spent multiplied by the reasonable hourly rate. Counsel for Plaintiff seeks $52,363.50 in attorney's fees based on hourly rates of $115 for lead counsel and $90 per hour for an associate. Based upon the itemized fees submitted by counsel, this amount appears to be based solely on the hours expended multiplied by counsel's hourly rates. The Plaintiff is not seeking an enhancement of this lodestar number based on the results achieved in this litigation or other factors. The Defendant argues, however, that any amount awarded should be substantially less than the $52,363.50 because the total number of hours claimed is clearly excessive for this type of routine ERISA case.

### 1. Reasonable Hourly Rate

Plaintiff's counsel requests an hourly rate of $115 for his services and $90 for the services of his associate, which he claims is reasonable in the market. The hourly rates assigned for attorney's services must be consistent "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The community or marketplace in this instance is the Western District of Kentucky, where this Court is located. A reasonable rate is one which will attract adequate counsel but will not produce a windfall to the attorneys. Northcross v. Board of Educ. of Memphis City Schs., 611 F.2d 624, 638 (6th Cir. 1979), cert.

denied, 447 U.S. 911 (1980). Defendant has not objected to the hourly rates charged by either Plaintiff's counsel or his associate, and the Court being generally familiar with prevailing rates in the local community based upon attorney's fee awards it has made in other cases, finds the requested rates to be reasonable. See Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994) (The Court is "'itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Id. at 781 (citation omitted)). Therefore, the hourly rate component of the lodestar equation is $115 for the work performed by Mr. Zack Womack and $90 for the work performed by Mr. Dax Womack.

### 2. Reasonable Hours Expended

Turning to the reasonableness of the hours billed, Plaintiff's counsel has spent a total of 463.40 hours on this case. The benchmark for determining the reasonableness of the hours expended on the litigation is the concept of billing judgment. The Supreme Court has emphasized that in the exercise of responsible billing judgment, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.

Defendants have challenged the total hours billed as excessive. Defendant argues that counsel seeks to improperly charge 463.40 hours for an action involving no discovery, no real pretrial motions, a relatively small administrative record, preparation of one main brief

and one reply brief each for this Court and the Court of Appeals, and participation in one oral argument. The Court shall address the specific objections raised by the Defendant.

  *a. Time spent prior to filing the Complaint and during the pleading stage*

  Defendant objects to the 50.8 hours charged from February 20, 2002, to the filing of the Complaint in this Court on April 24, 2002. Defendant further objects to the 49.6 hours charged for time spent by counsel on the case between the filing of the Complaint on April 24 and the filing of the answer by Defendant on July 1, 2002. Defendant maintains that a significant amount of time charged throughout the entire litigation appears to include an extreme amount of research regarding general ERISA concepts. As a result, Defendant maintains that there is no justification for this amount of time.

  In addition to Defendant's objection to the hours charged by counsel for general ERISA research during this time period, Defendant also specifically objects to the (1) 3.7 hours spent on June 17, 2002, for "Work related to ERISA – Remand to State Court– Potential for Same" even though Plaintiff never filed this action in state court; (2) 22.3 hours related to Plaintiff's losing argument that the Social Security decision should control the outcome; (3) 4.5 hours related to discovery that was never sought; (4) continuing general education about ERISA conducted on June 26 and June 28, 2002; and (5) 2.7 hours for negotiating counsel's contract with Plaintiff.

  First, counsel spent a total of 3.7 hours researching issues related to a remand to state court. Because this case was never filed in state court, the issue of remand is not relevant and these hours will be disallowed.

Second, with respect to Defendant's objection to awarding counsel any fees for time spent during this period on researching and arguing the effect of the Social Security decision, the Court concludes that Plaintiff's counsel reasonably researched and set forth multiple arguments regarding why the Plan Administrator's denial of benefits was arbitrary and capricious. "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters." See Hensley, 461 U.S. at 435. Therefore, the Court shall not exclude the recovery of fees related to the research or argument regarding the effect of the Social Security Administration's determination. However, as the Court will discuss in more detail below, the Court finds the time devoted to the research of this issue along with other general ERISA research to be somewhat excessive and will make the appropriate reductions below.

Third, the Court will disallow the 4.5 hours charged by counsel related to discovery that was never actually sought. (6/7/02 and 6/28/02).

Fourth, with regard to the extensive ERISA research conducted by counsel prior to filing the complaint and again prior to receipt of the Answer, the Court finds that the time spent on this activity was excessive. From a review of the billing record, it appears that a considerable portion of the time charged during the pleading stage, at least 49.35 hours[2], was spent researching general ERISA concepts. This action did not involved any unique ERISA

---

[2]These hours do not include the 8.20 hours the Court has already disallowed.

issues and the opinions of both the district and circuit courts recite the legal framework consistently. While the Court recognizes that counsel for Plaintiff does not practice solely and exclusively in ERISA matters, ERISA does not compel the ERISA defendant to underwrite counsel's continuing legal education; and therefore, the hours sought by counsel during this period should be reduced. Perdue v. City University of New York, 13 F. Supp. 2d 326, 346 (E.D.N.Y. 1998) (20% reduction of lodestar amount for redundancy in billed hours and billing for general education); Jones v. Credit Bureau of Greater Garden City, Inc.,1989 WL 134945 at *3 (D. Kan. Oct. 24, 1989)(When research is "devoted primarily to [the] general education" of counsel, the court must make appropriate reductions); Barvick v. Cisneros, 1997 WL 417994 (D. Kan. 1997)(same). For these reasons, the Court shall reduce the 47.35 hours spent by counsel researching ERISA issues by twenty (20) percent and, thus, a total of 9.47 hours are disallowed which includes 7.42 hours of Mr. Zack Womack and 2.05 hours of Mr. Dax Womack.

Finally, with respect to Defendant's objection to the 2.7 hours charged for negotiating counsel's contract with Plaintiff, Defendant merely objects to this charge without any support for its argument that such a charge is not allowed or excessive. Therefore, the Court declines to reduce the time requested for the negotiation of counsel's contract with Plaintiff.

*b. Time spent between the filing of the Answer and the filing of the Administrative Record*

Defendant objects to Plaintiff's counsel's charge of 89.3 hours for time spent between counsel's receipt of the answer on July 3, 2002 and his receipt of the Administrative Record

on November 25, 2002. Specifically, Defendant objects to (1) 26.5 hours for checking out whether another non-Liberty Life plan might exist to benefit Plaintiff; (2) 1.0 hours for "work related to discovery" on August 5, 2002; (3) 8.0 hours for general education; and (4) 5.3 hours for the losing social security issue.

First, Defendant objects to Plaintiff's counsel charging up to 26.5 hours for determining whether another non-Liberty Life plan might exist to benefit Plaintiff. (8/21/02; 9/9/02; 9/19/02; 10/2/02; 10/3/02; 10/4/02; 10/7/02, 10/8/02; 10/12/02; 10/16/02; 10/17/02; 10/18/02; 10/23/02). Plaintiff's counsel has failed to address this specific objection. The Court is unable to envision how the time spent researching a non-Liberty Life plan should be charged to Liberty Life based upon Plaintiff's success on the ERISA claim. Having reviewed the billing record, the Court finds that at least 23.8 hours were devoted by Plaintiff's counsel in researching whether a non-Liberty Life plan might exist. The Court has rejected Defendant's objection to the 2.7 hours Plaintiff billed on August 21, 2002. This entry appears to relate primarily to a file review and work associated with the scheduling order. As a result, the Court shall disallow the 23.8 hours related to this item.

Second, the Court will disallow the 1.0 hour charged by counsel related to discovery (8/5/02). Since the Court approached this ERISA action in the usual manner by having the parties identify the standard of review and suggest a briefing schedule for resolution based solely on the fixed administrative record, discovery was not necessary in this case.

Third, Defendant objects to 8.0 hours of the total hours charged for ERISA research during this time period arguing that those 8.0 hours appear to be for general education.

(7/9/02 and 8/14/02). Because Defendant has specifically objected to only these eight hours and counsel for Plaintiff has not presented any evidence to the contrary, the Court shall reduce these 8 hours by seventy-five (75) percent, and thus, a total of 6.0 hours are disallowed.

Fourth, for the reasons discussed above, the Court declines to exclude completely the hours spent by counsel on the Social Security determination issue. However, given the number of hours previously devoted to this issue in the pleading stage, the Court concludes that the additional 5.3 hours devoted to it by counsel during this period of time is excessive. The Court shall reduce these hours by twenty (20) percent, and thus, a total of 1.06 hours are disallowed.

*c. Time spent on the Memorandum on the Record and Reply Brief*

Defendant objects to awarding Plaintiff's counsel a fee for 81.55 hours of time for filing two briefs that were based on a fixed Administrative Record. A review of the billing record indicates that Plaintiff's counsel seeks to charge 46.7 hours from the filing of the Administrative Record to the filing date of her Memorandum on that Record, plus another 34.85 hours for preparing a Reply Brief. Defendant argues that the action does not involve a voluminous record and Plaintiff has not justified such a large amount of time. The Court has reviewed Plaintiff's Memorandum on the Record and Reply filed in this action. Given the extensive research already conducted by counsel and considering the reply brief is 10 pages in length, it is the Court's opinion that 81.55 hours for reviewing the administrative record and drafting a Memorandum On the Record and a Reply is excessive and twenty (20)

percent of this time, or 16.31 hours (14.58 hours of Mr. Zack Womack and 1.73 hours of Mr. Dax Womack), is disallowed.

### d. Time spent advising the Court of additional law

Defendant objects to the 19.8 hours charged for reviewing the Sixth Circuit opinion in Darland v. Fortis Benefits Insurance Co., 317 F.3d 516 (6th Cir. 2003) and moving for leave to supplement the briefing to discuss it. Defendant argues that the Darland decision had little or no direct impact on the outcome of this action and the time was not reasonable.

Initially, the Court would note that contrary to Defendant's objection, Plaintiff's counsel appears to charge 15.9 hours for the time related to this issue. Further, the Court finds that Plaintiff's counsel notification to this Court of the Sixth Circuit's opinion in Darland and motion for leave to supplement the record was entirely reasonable. But for the Supreme Court's subsequent decision in Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003), this Court would have utilized the "treating physician rule" adopted by the Sixth Circuit in Darland. "'The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Crosby v. Bowater Incorporated Retirement Plan for Salaried Employees of Great Northern Paper, Inc., 262 F. Supp. 2d 804, 816 (W.D. Mich. 2003) (citing Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992), cert. denied, 506 U.S. 1053 (1993)). However, the Court has reviewed Darland along with the additional pleadings filed by counsel and finds that 15.9 hours is excessive and, thirty (20) percent of this time, or 3.18 hours, is disallowed.

*e. Time spent on the appeal to the Sixth Circuit*

Defendant objects to the 161.35 hours charged for time spent on Plaintiff's appeal to the Sixth Circuit. Defendant argues that this time was clearly excessive. According to Defendant, the appeal consisted of two briefs that contained arguments similar to those made in Plaintiff's district court briefs, plus an oral argument. Additionally, Defendant objects to the time charged for researching state law that does not apply to ERISA claims and time for a second attorney to observe the oral arguments. Defendant also specifically objects to 7.0 hours charged for calling the Clerk of the Sixth Circuit to ask when the appellate court will rule.

An award of attorney's fees pursuant to 29 U.S.C. § 1132(g) maybe made for attorney's fees incurred on appeal. First Trust Corp. v. Bryant, 410 F.3d 842, 857 (6th Cir. 2005). From a review of the billing record, counsel has charged 105.45 hours for filing the notice of appeal and for researching and writing the appellant's brief and reply.[3] While the Court agrees that it is important to write an effective, accurate brief on appeal, presumably counsel had already done substantial research on the relevant issues at the district court level. See Critchlow v. First Unum Life Insurance Co. of America, ___ F. Supp. 2d ___, 2005 WL 1646014, *4 (W.D.N.Y. July 14, 2005). The Court shall reduce the number of hours for researching and writing the appellant's briefs by twenty-five (25) percent, disallowing 26.25 hours.

---

[3]The Court has not included the entries that involve in whole, or in part, research of Kentucky trust law.

Further, the Court disallows the hours charged for counsel's research of Kentucky trust law. [07/23/03, 07/25/03, and 08/12/03]. As these issues were not relevant in this civil case, these hours are unnecessary and will be disallowed. Because some of these entries include references to research of Sixth Circuit case law as well, the Court will disallow only 6 hours related to these charges.

Additionally, the Court disallows the 5 hours charged for Mr. Dax Womack's observation of the oral arguments at the Sixth Circuit. <u>Flowers v. Wiley</u>, 675 F.2d 704, 705 (5th Cir.1982) ("there should have been no compensation for hours spent in duplicative activity or spent in the passive role of an observer while other attorneys performed"). "'While there is nothing inherently unreasonable about making an award for time spent by two or more lawyers engaged in the same representation, counsel bears the burden of showing his or her specific contribution." <u>Gratz v. Bollinger</u>, 353 F. Supp. 2d 929, 942 (E.D. Mich. 2005)(citation omitted). Mr. Dax Womack did not have a significant involvement in this matter and counsel has failed to show his specific contribution to the oral arguments. The Court finds his attendance at the oral argument unnecessary and not properly billed.

Finally, the Court disallows 7 hours charged by Mr. Zack Womack from the date of the oral argument to the issuance of the Sixth Circuit opinion for calls to the Sixth Circuit regarding the status of the case. "[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable." <u>Halderman by Halderman v. Pennhurst State School & Hospital</u>, 49 F.3d 939, 942 (3d Cir. 1995); <u>Spegon v. Catholic Bishop of Chicago</u>, 175 F.3d 544 (7th Cir. 1999). This time charged by

16

counsel for calling the Clerk of the Court for the Sixth Circuit Court of Appeals is not reasonable or necessary. In fact, this simple administrative task, if counsel felt it necessary, could have been performed by his clerical staff.

Thus, under the lodestar approach, Plaintiff's counsel is entitled to $39,556.95 – the product of 321.81 hours at a $115 hourly rate for Mr. Zack Womack plus the product of 28.32 hours at a $90 hourly rate for Mr. Dax Womack.

### 3. Adjustment of the Lodestar Amount

After determining the lodestar amount, the Court in its discretion may adjust the award upward or downward to arrive at a reasonable award. Hensley, 461 U.S. at 431. None of the parties, however, seek such an adjustment, nor does the Court find that such an adjustment would be appropriate in this case. Given the success of the Plaintiff on appeal, the Court finds that the lodestar amount is reasonable.

### III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The Defendant's motion for leave to file a surreply to Plaintiff's motion for attorney's fees [DN 39] is **granted**.

2. The Plaintiff's motion for an award of attorney's fees under 29 U.S.C. § 1132(g)(1) of ERISA [DN 26] is **granted**. The Court finds that the Plaintiff is entitled to an award of $39,556.95.

cc: counsel of record